IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of MMC MECHANICAL CONTRACTORS, INC., a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>TURTLE CREEK CONSTRUCTION, LLC, a Nebraska limited liability company, and MID-CONTINENT CASUALTY COMPANY, an Oklahoma insurance corporation,<br><br>Defendants. | Case No. 8:23-cv-236<br><br>**COMPLAINT, JURY DEMAND AND PLACE OF TRIAL DESIGNATION** |

COMES NOW, Use Plaintiff, MMC Mechanical Contractors, Inc, ("MMC"), by and through undersigned counsel, and for its claims against Defendants, Turtle Creek Construction, LLC ("Turtle Creek") and Mid-Continent Casualty Company ("Mid-Continent"), state and allege as follows:

**PARTIES**

1. That MMC is a corporation organized and existing pursuant to the laws of the State of Nebraska operating as a mechanical contractor from its principal place of business located in Sarpy County, Nebraska at 9751 South 142nd Street, Omaha, Nebraska 68183.

2. That Turtle Creek a limited liability company organized and existing pursuant to the laws of the State of Nebraska operating as a general contractor on government projects from its principal place of business located in Buffalo County, Nebraska at 910 Avenue D, Kearney, Nebraska 68847 and can be served with summons through its designated registered agent, Adams & Sullivan, P.C., L.L.O., at 1246 Golden Gate Drive, Suite 1, Papillion, Nebraska 68046.

1

3. That Mid-Continent is an insurance corporation organized and existing pursuant to the laws of the state of Oklahoma, domiciled in the State of Ohio, registered with the Nebraska Department of Insurance, engaged in the business of a corporate paid surety and can be served with summons through its designated registered agent, United Agent Group, Inc., at 5000 Central Park Drive, Suite 204, Lincoln, Nebraska 68504.

**JURISDICTION AND VENUE**

4. That jurisdiction and venue are proper in the United States District Court for the District of Nebraska pursuant to 40 U.S.C. § 3133(b)(3)(B) as the labor and materials furnished by MMC for the project described below were furnished within the District of Nebraska.

**FACTS RELEVANT TO ALL CLAIMS**

5. That prior to October 15, 2020, Turtle Creek was engaged as a general contractor for the United States Department of Defense ("USDOD") for construction and remodeling to occur at specific locations at Offutt Air Force Base located in Sarpy County, Nebraska (the "Project") to include repair/replacement of boiler and related HVAC work in specific buildings at the base (the "Work") and that also prior to October 15, 2020, MMC submitted bids for its performance of the Work at the Project.

6. That on or about October 15, 2020, Turtle Creek and MMC entered into a subcontract agreement (the "Subcontract") for MMC's performance of the Work at the Project, which divided MMC's work between three separate federal contracts to include federal contract number FA460020F0187 which is at issue in the present matter (the "Federal Contract").

7. That a true and correct copy of the Subcontract is attached hereto, labeled Exhibit "A" and incorporated herein by such reference

8. That with respect to the Federal Contract (identified in the Subcontract as "B457-SGBP 20-0061"), the Subcontract contained a total contract price of $429,868.00, which by subsequent change order was increased to $472,832.00.

9. That on or about July 26, 2022, Turtle Creek terminated the Subcontract for convenience. .

10. That despite MMC's completion of the Work on the Project in compliance with the terms and conditions of the Subcontract through the date the Subcontract was terminated, there remains due and owing from Turtle Creek to MMC on the Subcontract the total amount of $166,117.23 (the "Remaining Contract Price") and that although MMC has submitted applications for progress payments for Turtle Creek's payment of the Remaining Contract Price to MMC as required by the Subcontract, Turtle Creek continues in its failure and refusal to pay MMC the Remaining Contract Price.

## THE MILLER ACT, 40 U.S.C. § 3131 et seq.

11. That pursuant to provisions of The Miller Act, 40 U.S.C. § 3131 et seq. (the "Miller Act"), Turtle Creek and Mid-Continent bound themselves jointly and severally to ensure payment by the principal of the claims of all persons supplying labor and materials in the prosecution of the work provided for in the Subcontract, as well as any and all modifications thereof and that a true and correct copy of the Payment Bond is attached hereto, labeled Exhibit "B" and incorporated herein by such reference.

12. That the Payment Bond was duly accepted by the United States of America and upon its acceptance the contract for construction of the Project was awarded to Turtle Creek.

13. That MMC has furnished all of the labor and material required of it under the Subcontract with Turtle Creek.

14. That MMC is owed payment of the full amount of the Remaining Contract Price.

15. That Turtle Creek has failed and neglected to pay the sum of $166,117.23 under the Subcontract within ninety (90) days from the last day upon which MMC furnished labor and materials on the Project.

16. That MMC has made timely demand upon Turtle Creek for payment of $166,117.23, but Defendants have refused and continue to refuse to pay the same or any part thereof.

## FIRST CAUSE OF ACTION:  CLAIM ON BOND

17. That for its first cause of action against Defendants, MMC incorporates each the allegations contained in paragraphs 1 through 16 hereof as fully set forth herein.

18. That by reason of the failure of Turtle Creek and Mid-Continent to pay MMC the sum of $166,117.23 due and owing to it in accordance with the provisions of the Payment Bond (attached hereto as Exhibit B) and The Miller Act, Defendants have become indebted jointly and severally to MMC in the amount of $166,117.23.

19. That more than ninety (90) days but less than one (1) year has expired from the last day upon which MMC furnished labor and material to the Project.

20. That MMC has complied with all conditions precedent required of it under the contract, the Payment Bond and The Miller Act.

## SECOND CAUSE OF ACTION:  BREACH OF CONTRACT

21. That for its second cause of action against Turtle Creek, MMC incorporates each the allegations contained in paragraphs 1 through 20 hereof as fully set forth herein.

22. That Turtle Creek materially breached the Subcontract by failing to pay MMC for Work properly performed through Turtle Creek's termination of the Subcontract for convenience.

4

23. That Turtle Creek has failed to perform its obligation of payment under the terms of the Subcontract.

24. That as a direct and proximate result of Turtle Creek's breach of the Subcontract, MMC has been damaged in the total amount of $166,117.23.

25. That pursuant to the terms of the Subcontract, MMC is entitled to recover its reasonable legal fees and costs incurred in collecting amounts owed to it under the Subcontract.

26. That despite demand, Turtle Creek has failed and refused to perform.

### THIRD CAUSE OF ACTION: *QUANTUM MERUIT*

27. That for its third cause of action against Turtle Creek, MMC incorporates each the allegations contained in paragraphs 1 through 26 hereof as fully set forth herein.

28. That in the alternative, if and only if and to the extent that the Court determines that MMC is not entitled to recover any or all of its damages per its First and Second Causes of Action, then MMC is entitled to recover against Turtle Creek under this Third Cause of Action.

29. That Turtle Creek received and retained the benefits of MMC's labor and service, and improvements to the Project.

30. That it would be inequitable, unjust and unconscionable to permit Turtle Creek to receive and/or retain the benefits of the labor and services, and the improvements to the Project, without compensating MMC for the reasonable value of those benefits.

31. That the fair and reasonable value of the benefits received and retained by Turtle Creek for which MMC has not been compensated is $166,117.23.

### FOURTH CAUSE OF ACTION: VIOLATION OF THE NEBRASKA CONSTRUCTION PROMPT PAY ACT (NEB.REV.STAT. § 45-1201 et seq.)

32. That for its fourth cause of action against Defendants, MMC incorporates each the allegations contained in paragraphs 1 through 31 hereof as fully set forth herein.

33. That at times relevant herein, MMC acted as a "subcontractor" for Turtle Creek as the term is defined by Neb.Rev.Stat. § 45-1202(6).

34. That MMC performed its scope of work in accordance with the provisions of the Subcontract and satisfied all conditions precedent to payment under the Subcontract.

35. That more than ten (10) days have passed since receipt by Turtle Creek of each periodic or final payment for the Project and MMC is entitled to the full amount for its work and materials based on work completed and services provided under the Subcontract.

36. That MMC has properly requested payment from Turtle Creek and Mid-Continent, but Turtle Creek and Mid-Continent have refused and failed to remit payment to MMC.

37. That Turtle Creek and Mid-Continent do not have a lawful basis to withhold payment due to MMC.

38. That MMC is entitled to interest on the unpaid balance due to it under the Subcontract pursuant to Neb.Rev.Stat. § 45-1205.

39. That MMC is entitled to an award of its reasonable attorney's fees and costs as the Court determines is appropriate pursuant to Neb.Rev.Stat. § 45-1211.

### FIFTH CAUSE OF ACTION: VIOLATION OF THE FEDERAL PROMPT PAYMENT ACT (31 U.S.C. § 3901 et seq.)

40. That for its fifth cause of action against Defendants, MMC incorporates each the allegations contained in paragraphs 1 through 39 hereof as fully set forth herein.

41. That Turtle Creek was awarded a construction contract by the USDOD, an "agency" as that term is defined under the U.S. Federal Prompt Payment Act ("FPPA").

42. That at times relevant herein, MMC acted as a "subcontractor" for Turtle Creek as the term is defined by the FPPA.

43. That as the prime contractor of the Project, Turtle Creek was bound by the payment terms of § 3905 of the FPPA.

44. That MMC satisfactorily performed its scope of work in accordance with the provisions of the Subcontract and satisfied all conditions precedent to payment under the Subcontract.

45. That more than seven (7) days have passed since receipt by Turtle Creek of payment by the USDOD of all amounts necessary to satisfy the payment terms of the Subcontract for the Project and MMC is entitled to the full amount for its work and materials based on work completed and services provided under the Subcontract.

46. That MMC has properly requested, in writing, payment from Turtle Creek and Mid-Continent, but Turtle Creek and Mid-Continent have refused and failed to remit payment to MMC.

47. That Turtle Creek and Mid-Continent do not have a lawful basis to withhold payment due to MMC.

48. That MMC is entitled to interest on the unpaid balance due to it under the Subcontract pursuant to 31 U.S.C. § 3902 and 31 U.S.C. § 3905(b)(2).

**JURY DEMAND AND REQUEST FOR PLACE OF TRIAL**

49. That MMC respectfully requests a jury trial on all claims and that the trial of this matter take place in Omaha, Nebraska.

**REQUEST FOR RELIEF ON ALL CLAIMS FOR RELIEF**

WHEREFORE, with regard to all claims for relief, MMC respectfully requests the Courts entry of judgment in MMC's favor and for the following relief:

A. Judgment against the Payment Bond under the First Cause of Action in the amount equal to $166,117.23;

B.      Damages in favor of MMC under the Second Cause of Action in the total amount of $166,117.23;

C.      Judgment in favor of MMC under the Third Cause of Action in the amount equal to $166,117.23;

D.      Judgment in favor of MMC under the Fourth Cause of Action in the amount equal to $166,117.23;

E.      Judgment in favor of MMC under the Fifth Cause of Action in the amount of $166,117.23;

F.      Interest;

G.      Costs and attorney fees; and

H.      Such other, further, and different relief as the Court deems just and appropriate.

> MMC MECHANICAL CONTRACTORS, INC., a Nebraska corporation, Use Plaintiff
>
> By: _____
> David S. Houghton - #15204
> Justin D. Eichmann - #22405
> HOUGHTON BRADFORD WHITTED PC LLO
> 6457 Frances Street, Suite 100
> Omaha, Nebraska 68106
> (402) 344-4000 | (402) 930-1099 fax
> dhoughton@houghtonbradford.com
> jeichmann@houghtonbradford.com
> *Attorneys for Use Plaintiff*